# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

2009 FEB 13 PM 1: 2

CLERK C - Robinson
SO. DIST. OF GA.

DOUGLAS ASPHALT COMPANY, JOEL :     CIVIL ACTION
H. SPIVEY, and KYLE SPIVEY,

     Plaintiffs, :

v. :

QORE, INC., APPLIED TECHNICAL
SERVICES, INC., :

     Defendants. :     NO. CV206-229

## O R D E R

Plaintiffs, Douglas Asphalt Company, Joel H. Spivey, and Kyle Spivey, filed the above-captioned case against Defendants, Qore, Inc., Applied Technical Services, Inc. ("ATS"), and several individual Georgia Department of Transportation ("GDOT") officials. Plaintiffs alleged violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act by all Defendants, equal protection and due process claims against the GDOT officials, and related state law tort claims against Qore and ATS.

On August 7, 2007, the Court dismissed Plaintiffs' RICO claims as to all Defendants, Plaintiffs' due process claims against the GDOT officials, and Plaintiffs' negligent misrepresentation and fraud claims against Qore and ATS. The

Court allowed Plaintiffs' equal protection claims against the GDOT officials to go forward, and on October 1, 2007, the Court held that the GDOT Defendants were not protected by qualified immunity as to that claim. Plaintiffs' defamation/false light claims against Qore and ATS also remained pending, inasmuch as those claims were not subject to any dispositive motion.

The GDOT officials appealed the Court's qualified immunity determination to the Eleventh Circuit. On September 2, 2008, the appellate court reversed this Court's qualified immunity ruling, and there are no remaining claims pending against the GDOT officials.

Presently before the Court are Plaintiffs' motion for clarification or reconsideration, and Defendants' motions for summary judgment. Because Plaintiffs' amended complaint alleges claims based on simple negligence, Plaintiffs's motion will be **GRANTED**. Because ATS did not raise privilege as a defense in its answer, ATS' motion will be **DENIED**. Because the statute of limitations bars any claim Plaintiffs have for defamation as to Qore, and because Plaintiffs' characterization of the claim as one for "injurious falsehood" must fail, Qore's motion for summary judgment will

2

be **GRANTED** as to Count III of the complaint.

## BACKGROUND

GDOT hired Douglas Asphalt to perform asphalt paving services on two interstate highways in Georgia. The instant case arises out of those projects. In June 2003, GDOT retained Qore to test asphalt samples relating to the Douglas Asphalt projects for the level of lime content in the asphalt. ATS also performed related testing for Qore and GDOT.

Qore sent certain test reports regarding the asphalt samples to GDOT through November 22, 2004. Dkt. No. 165, Ex. 3, Arnold Aff. ¶ 11; Dkt. No. 165, Exs. 4 & 5. Plaintiffs contend that the tests used to determine lime content levels were known by Defendants to be inaccurate. According to Plaintiffs' complaint, GDOT relied on these false test reports and placed Douglas Asphalt in default on the highway projects on October 4, 2004. On October 10, 2006, Douglas Asphalt and the Spiveys filed this suit.

## DISCUSSION

3

**I. Plaintiffs' Motion for Clarification or Reconsideration**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(e) demands that "[p]leadings must be construed so as to do justice." "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957), abrogated on other grounds by Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1967-69 (2007).

Upon reviewing the allegations contained in Plaintiffs' amended complaint, the Court concludes that the document contains allegations of simple negligence relating to the conduct of Qore and ATS. See Dkt. No. 46, ¶¶ 37, 38, 42, 43, 44, 74, 78, 86, 88, and 89. Had Count I of the complaint been titled "Negligence/Negligent Misrepresentation," instead of "Negligent Misrepresentation," those allegations would have been clearer.[1] Nonetheless, after the advent of the

---

[1] Qore argues that the Court should not consider Plaintiffs' motion because it was dismissed while the case was on appeal, and was not reasserted in a timely manner under the revised scheduling order. The Court rejects Qore's suggestion for a couple of reasons. First, the

4

AO 72A
(Rev. 8/82)

Federal Rules of Civil Procedure in 1938, a mere descriptive title in a complaint should not be so consequential. Because denial of the motion would elevate form over substance, Plaintiffs' motion is well-founded. Douglas Asphalt and the Spiveys state a claim for negligence against Qore and ATS.

## II. Defendants' Motions for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus.

---

parties already had an opportunity to fully brief the issue when Plaintiffs reasserted the motion on January 22, 2009. Dkt. No. 173 at 11 n.3. Second, the Court dismissed the motion, pending the appeal, for statistical purposes and its own convenience. Given these considerations, it is inequitable to hold Plaintiffs strictly to the scheduling order.

5

AO 72A
(Rev. 8/82)

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor[,]" United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

## A. ATS's Motion for Summary Judgment

ATS asserts that there was no defamation in the test reports it provided to Qore and GDOT because its statements were privileged by Georgia law, which provides: "The following communications are deemed privileged . . . Statements made in good faith in the performance of a legal or moral private duty[, and] [s]tatements made with a good faith intent on the part of the speaker to protect his or her interest in a matter in which [he or she] is concerned[.]" Ga. Code Ann. § 51-5-7(2) & (3); see also Davis v. Sherwin-Williams Co., 242 Ga. App. 907, 908 (2000).

However, in order to avail itself of this defense, ATS was obliged to plead it affirmatively in its answer, which it failed to do. "In order to avail herself of the defense that the statement made by her was a privileged communication . . . ., the defendant should have filed a plea setting out such defense or alleged facts in her answer, showing that the

6

communication was privileged. An answer in which the allegations of the plaintiff's complaint are simply denied is not sufficient to raise such a defense, which is in the nature of a confession and avoidance." Ingram v. Kendrick, 48 Ga. App. 278, 282 (1934); Fed. R. Civ. P. 8(c); see also McRae v. Boykin, 50 Ga. App. 866, 881-82 (1935), reversed on other grounds, 182 Ga. 252 (1936)(per curiam); Kitchen Hardware v. Kuehne & Nagel, 205 Ga. App. 94, 96 (1992); Johnson v. Wichita Falls Hous. Auth., NO. 2-06-416-CV, 2007 Tex. App. LEXIS 9192, at *5-*6 (Tex. Ct. App. Nov. 21, 2007)(per curiam).

Consequently, ATS is not entitled to judgment as a matter of law with respect to Count III of Plaintiffs' complaint.

B. Qore's Motion for Summary Judgment

Count III of Plaintiffs' amended complaint asserts a claim against Qore and ATS for "defamation/false light." Qore posits that a one year statute of limitations applies to Count III because Plaintiffs' claim is for an injury to reputation. See Ga. Code Ann. § 9-3-33. The last test

7

report that Qore sent GDOT was on November 22, 2004.[2]
Because the complaint was filed more than a year later, on
October 10, 2006, Qore argues it was untimely.

Plaintiffs rejoin that their injury was to their
property, not their personal reputation. Thus, Plaintiffs
insist, the claim is one for "injurious falsehood."
Restatement 2d Torts § 623A (1977); <u>Ga. Soc'y of Plastic
Surgeons, Inc. v. Anderson</u>, 257 Ga. 710, 714 (1987)(assuming,
without deciding, that an action will lie for trade libel
under Georgia law). Thus, Plaintiffs assert that the
applicable statute of limitations is four years. <u>See</u> Ga.
Code Ann. § 9-3-30 to § 9-3-32; <u>Daniel v. Am. Optical Corp.</u>,
251 Ga. 166, 168 (1983)(the "statute of limitations is
determined by the nature of the injury sustained rather than
the legal theory underlying the claim for relief.").

The Court finds that there are insurmountable hurdles to
Plaintiffs' attempt to characterize their claim as one for
injurious falsehood or trade libel. First, as Judge Dudley
H. Bowen, Jr., recognized, it is not clear that Georgia

---

[2] The Court is aware that, according to Plaintiffs, Qore has performed
testing for GDOT's attorneys in related state court litigation after
that date. Yet, as Defendants note, such testing is irrelevant here,
given that Plaintiffs allege that the false reports or statements that
injured them occurred between August 2003 and February 2004. Dkt. No.
46, ¶¶ 44 & 78.

AO 72A
(Rev. 8/82)

recognizes the tort at all. <u>Davita Inc. v. Nephrology Assocs., P.C.</u>, 253 F. Supp. 2d 1370, 1374-75 (S.D. Ga. 2003).

Second, if Georgia did recognize the tort, it is not preordained that a longer statute of limitations would govern because the claim is one for damage to property, as Plaintiffs would have it. <u>See</u> <u>Idaho Norland Corp. v. Caetler Indus., Inc.</u>, 509 F. Supp. 1070, 1071 (D. Col. 1981)(citing cases, stating that a majority of courts apply the shorter limitations period for libel and slander to injurious falsehood claims); <u>see also</u> <u>King v. Miller</u>, 35 Ga. App. 427, 427 (1926)(slander to title claim controlled by injury to property statute of limitations).

Third, and dispositive here, assuming <u>arguendo</u> that these barriers were cleared, Plaintiffs' complaint did not fairly put Defendants on notice that it was asserting a claim for injurious falsehood. Instead, Plaintiffs described Count III as a claim for defamation/false light. Plaintiffs accused Qore and ATS of publishing false test reports, which constituted "slander and/or libel per se." Dkt. No. 46 ¶ 99. Plaintiffs also suggested that Defendants' conduct exposed them to liability for the tort of invasion of privacy by placing Plaintiffs in a false light in the public eye. <u>Id.</u> at ¶ 100.

9

Plaintiffs do not mention the tort of injurious falsehood (or any other name that this tort commonly goes by) in their amended complaint. Significantly, the tort of commercial disparagement is only tangentially related to defamation, and it is more accurately described as a type of intentional interference with economic relations. W. Page Keeton et al., Prosser and Keeton on Torts 962-64 (5th ed. 1984). Prosser and Keeton also teach that a plaintiff cannot generally recover on an injurious falsehood claim without pleading special damages, and Plaintiffs failed to do so here. Id. at 970-71.

Because Plaintiffs' defamation claim was filed too late to comply with the statute of limitations, and because Plaintiffs' characterization of the claim as one for "injurious falsehood" is not viable, summary judgment is warranted in Qore's favor as to Count III.

Qore also urges the Court to decline to exercise supplemental jurisdiction. The exercise of supplemental jurisdiction is committed to the Court's discretion. "Among the factors a district court should consider in exercising its discretion are judicial economy, convenience, fairness, and comity." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002).

This action has been pending for more than two years, and the parties have engaged in protracted litigation during that time period before this Court and the Eleventh Circuit Court of Appeals. A pretrial conference in this matter is currently set for May 13, 2009. These considerations weigh in favor of the Court exercising supplemental jurisdiction over the matter, even though the Court could decline to do so under 28 U.S.C. § 1367(c)(3). The Court will exercise its discretion to retain jurisdiction over the case.

**CONCLUSION**

For the reasons explained above, ATS's motion for summary judgment is **DENIED**, and Qore's motion is **GRANTED** as to the defamation claim. Dkt. No. 161 & 165. Plaintiffs' motion for clarification or reconsideration is **GRANTED**. Dkt. No. 110. Because the Court has recognized Plaintiffs' negligence claim, the Court will entertain additional dispositive motions from Defendants related to such claims, but said motions must be filed by March 13, 2009.

**SO ORDERED**, this __13th__ day of February, 2009.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11