IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DOUGLAS ASPHALT COMPANY,      )
JOEL H. SPIVEY and KYLE SPIVEY,   )
                              )
        Plaintiffs,           )
                              )
v.                            )   Civil Action No.:
                              )   <u>2:06-cv-229-AAA</u>
                              )
APPLIED TECHNICAL  SERVICES,  )
INC.                          )
                              )
        Defendant.            )

_____

## <u>CONSOLIDATED PRETRIAL ORDER</u>

1.    Counsel  are to discuss and agree on every possible factual stipulation. The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto. Stipulations can spare witness testimony, trial time, and expense. If a party feels the other side is in bad faith refusing to stipulate, they shall set forth "proposed stipulations" on ATTACHMENT "A." Costs of proving what, at trial, was never really disputed and what should have been stipulated, may be taxed against the offending party and attorney. Those costs may include witness fees and additional attorney preparation time costs.

Attachment "A" hereto contains the factual stipulations to which the parties have agreed in this action.

**2.       As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes. If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2".**

Attachment "B-1" hereto contains the questions Plaintiffs desire the Court to propound to jurors.

**3.       State the names of all parties, firms and attorneys to be used in qualifying the jury.  State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.**

*Parties:*

Douglas Asphalt Company

Joel H. Spivey

Kyle Spivey

Applied Technical Services, inc.

*Attorneys for Plaintiffs:*

• Savage & Turner, P.C. d/b/a Savage, Turner, Pinson & Karsman

• Brent J. Savage (member of firm involved on a contingent fee basis)

• Bart Turner (member of firm involved on a contingent fee basis)

• William H. Pinson, Jr. (member of firm involved on a contingent fee basis)

• Stanley Karsman (member of firm involved on a contingent fee basis)

• Scot Kraeuter (member of firm involved on a contingent fee basis)

• Kathryn Hughes Pinckney (associate member of firm involved on a contingent fee basis)

• C. Dorian Britt (associate member of firm involved on a contingent fee basis)

• Ashleigh R. Madison (associate member of firm involved on a contingent fee basis)

• Jeremy McKenzie (associate member of firm involved on a contingent fee basis)

• George T. Major (associate member of firm involved on a contingent fee basis)

- The Futch Law Firm

- Kenneth E. Futch, Esq.  (member of Futch Law Firm involved on a contingent fee basis)

*Insurance Companies (for Defendant):*  Columbia Insurance Group

**4.     Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.**

*Plaintiffs:*     Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

*Defendant:*   Defendant contends that jurisdiction in this court is not proper as there is no diversity of citizenship, and there are no remaining federal questions for determination.

**5.     List any motions or other matters in the case which remain unresolved.  Any motion not so enumerated shall be deemed withdrawn by the moving party.**

a.     *Pending Motions:*

None.

b.     *The parties reserve the right to file Motions in Limine as necessary up to five days before the pre-trial conference.*

**6.    All discovery is to be completed pursuant to the Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.**

Discovery has been completed.  There are no transcripts that have not been completed.

The parties reserve the right to depose (1) any witness not yet deposed who may be unavailable for trial; and (2) any late-named witnesses who may be allowed by the Court.

**7.    State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.**

The names of the parties are correct and complete.

**8.    Outline of plaintiff(s)' case.**

**NOTE: PLAINTIFF(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY. Plaintiff(s) shall furnish a short, succinct, factual and narrative statement of the cause of action. This statement should not be argumentative and should not recite evidence.  In no event shall the statement be more than one page.**

Beginning in 1996, the Georgia Department of Transportation ("GDOT") awarded Douglas Asphalt Company ("DAC") projects which required, in part, resurfacing portions of I-95 and I-75 utilizing a type of asphalt mix specified by GDOT. One of the ingredients in the asphalt mix was hydrated lime.

Around June, 2003, GDOT entered into an agreement with Qore, Inc. whereby Qore would pull cores from the I-75 and I-95 projects and perform tests thereon, including a tensile strength test, "fizz" test, and a coloration indicator. Thereafter, Qore entered into an agreement with Applied Technical Services ("ATS") whereby it would perform atomic absorption ("AA") testing on the cores.

By December, 2003, ATS was aware that the AA test was inaccurate and invalid for purposes being utilized, but it continued AA testing without making any changes to ensure accuracy and validity. GDOT's default of DAC based upon ATS's test results spawned litigation in Turner and Fulton Counties. In 2006, both courts excluded the tests performed by Qore, Inc. and ATS from evidence, finding them to be unreliable and unscientific. The unreliable and inaccurate testing performed by Defendant ATS resulted in DAC being declared in default on the two projects by GDOT and ultimately led to DAC being removed from the bidder's list for GDOT resulting in DAC being forced out of business.

9.    **Outline of defendant(s)' case.**

**NOTE: DEFENDANT(S) SHOULD PAY PARTICULAR ATTENTION TO THIS PARAGRAPH. AT THE TRIAL, IT WILL BE USED BY THE COURT IN DIRECTING THE CASE AND INSTRUCTING THE JURY. Defendant(s) shall:**

**(a)     Furnish a short, succinct, factual and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence.**

**In no event shall the statement be more than one page.**

**(b)     In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.**

In 2003 the Georgia Department of Transportation (hereinafter GDOT) hired Qore, Inc., to remove core samples from asphalt produced and placed on I-95 by plaintiff Douglas Asphalt. In August 2003 Qore retained the services of ATS to conduct atomic absorption tests on the asphalt. At all times the tests performed were at GDOT's direction. ATS did not develop any of the tests, nor did ATS verify to DOT that the tests were valuable indicators of anything. In December 2003 ATS employee, Dr. Sue Zhang, became concerned about the validity of the atomic absorption testing because lanthanum chloride was not used in the tests. She then informed GDOT of this concern. She was told by an agent that GDOT

did not want to change the testing procedure because they were so far into the project. The tests results of ATS's work were sent directly to Qore and were not supplied to any other party. On one occasion ATS performed tests on an asphalt sample provided by the DOT. The test results from those tests were reported only to the DOT. At all times pertinent to this action, ATS was acting under contract to perform tests and supply test results to the entity that had contracted for the services. ATS performed all testing at GDOT's direction. ATS did not develop any of the tests it performed. ATS did not make any representation as to the quality or usefulness of said tests. ATS did not have any independent duty to Plaintiff to decide or opine about the usefulness of the tests in performing tests for Qore or GDOT under contract. ATS is not responsible for the manner in which GDOT used the test results.

**10.    In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based. The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.**

*Plaintiffs:*    Not Applicable.

*Defendant*:    Not Applicable.

**11.    In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.**

> **(a)    Under a separate heading, state all relevant statutes, rules, regulations and ordinances allegedly violated. Also, recite any supporting authority.**

> **(b)    List all items of damages claimed or non-monetary relief sought.**

> **(c)    In all cases involving alleged permanent injuries or death, furnish a full statement as to the age, alleged life expectancy and/or probable duration of the injuries, and earnings, income tax records or other records to prove earnings.**

<u>**Plaintiffs:**</u>

The Plaintiffs have the burden of proof relating to their allegation of injurious falsehood and negligence.  Plaintiffs assert that Defendant negligently sampled and/or tested the asphalt used on the I-95 project by using methodologies that they knew or should have known were unreliable and yielded inaccurate results. Plaintiffs further assert that Defendant committed injurious falsehoods towards Plaintiffs by knowingly publishing results of their testing on the I-95 Project samples which they knew were unreliable and inaccurate.

*(a) Statutes, Rules, Regulations, Ordinances*

Plaintiffs' claims are based upon Georgia common law and Restatement 2d of Torts, § 623A.

### (b) Damages:

As a result of the claims against the Defendant, the Plaintiffs suffered loss of projects which it had undertaken for the Georgia Department of Transportation in excess of Fifty Million Dollars.

As a result, Douglas Asphalt Company was forced out of business and Plaintiffs are seeking damages in excess of Fifty Million Dollars.

Finally, the individual Plaintiffs Joel Spivey and Kyle Spivey have suffered monetary losses in a sum exceeding Five Million Dollars.

**Defendant:**

### (a) Statutes, Rules, Regulations, Ordinances

O.C.G.A. § 51-1-11(a)

Restatement (Second) of Torts § 302

Restatement (Third) of Torts, Liability Physical Harm § 6

### (b) Damages.

Not applicable.

**12.    In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate**

**any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.**

This case does not involve a claim for breach of contract.

**13.    If there is any dispute as to agency, state the contentions of the parties with respect to agency.**

*Plaintiffs:*    There is no dispute as to agency on the part of the Plaintiffs.

*Defendant:*    There is no dispute as to agency on the part of the Defendants.

**14.    State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.**

*Plaintiff:*    Plaintiff has the burden of proof as to their claims against the Defendant and as a result the Plaintiff has opening and closing arguments to the jury.

*Defendant:*    Plaintiff has the burden of proof as to their claims against the Defendant, and as a result the Plaintiff has opening and closing arguments to the jury.

**15.    Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each will have present at the trial and those whom each may have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for**

not listing and disclosing an impeachment witness, such party may address the Court ex parte and seek a ruling as to whether disclosure may be properly withheld. A representation that a party will have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

NOTE: COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK FOUR COPIES OF THE TYPED WITNESS LIST PRIOR TO JURY SELECTION.

(a)  Plaintiffs' witnesses that <u>will</u> be present at trial include the following:

   (1)   Joel Spivey

   (2)   Kyle Spivey

(b) Plaintiffs witnesses that <u>may</u> have present at trial include the following:

   (1)   James Howard Allred

   (2)   Lonnie R. Anderson, Jr.

   (3)   Christopher Lee Arnold

   (4)   Elizabeth Bryant

(5)    Owen Bryant

(6)    Samuel David Doss

(7)    Richard Allen Douds

(8)    Gayle Wyn Jones

(9)    Kisia Kimmons

(10)    George Lian

(11)    Donald Mathis McKay

(12)    Phillip Earl Rogers

(13)    Elijah Thomas

(14)    Peter Wu

(15)    Sue Zahang

(16)    J. Carroll Purvis

(17)    Any witnesses listed by defendant

(18)    Any witness for impeachment or rebuttal

(19)    Any witness necessary for authentication

Plaintiffs object to any witness not disclosed by Defendant during the discovery period in this matter and specifically reserve the right to depose any such witnesses to the extent they are allowed by the Court.

(c)  Defendant's witnesses that <u>will</u> be present at trial include the following:

 None.

(d)  Defendant's witnesses that <u>may</u> have present at trial include the following:

 (1) Phil Rogers

 (2) Dr. Sue Zhang

 (3) Chris Arnold

 (4) Rick Douds

 (5) Guohua Lian

 (6) Jim Hills

 (7) Georgene Geary

 (8) Glenn Durrence

 (9) Paul Mullins

 (10) Greg Mayo

 (11) Larry Mathews

 (12) Harrold Linnenkohl

Defendant objects to any witnesses not disclosed by Plaintiff during the discovery period in this matter and specifically reserves the right to depose any such witnesses to the extent they are allowed by the Court.

16.     All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties prior to the pretrial conference. All evidence shall be marked by the parties prior to the pretrial conference, and the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk. If separate exhibit lists are submitted, they shall be submitted on the forms supplied. Duplications of exhibits should be avoided to the extent practicable. Exhibit lists should be submitted to the Court at the pretrial conference. The material therein shall be identified as follows:

(a)     A list of documents and physical evidence submitted as joint exhibits.

(b)     Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s). Copies of such exhibits shall be provided to counsel for each other party. Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. Items not objected to will be admitted when tendered at trial.

(c)     Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the

defendant(s). Copies of such exhibits shall be provided to counsel for each other party. Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. Items not objected to will be admitted when tendered at trial.

(d)     Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

(e)     The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.  NOTE: COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK FOUR COPIES OF THE TYPED EXHIBIT LIST PRIOR TO JURY SELECTION.  All exhibits shall be cross-initialed by the attorneys for the parties and properly tagged as required by the Local Rules of this District. This cross-initialing procedure shall be completed when counsel meet to confer on the preparation of the pretrial order.

*Plaintiffs:*  The parties will comply with the Court's requirements regarding exhibit and witness lists.  In compliance with the Local Rules for the Southern District of Georgia, counsel for the parties shall meet prior to the pretrial conference and cross-initial and tag all documents to be offered into evidence in the trial of this matter.

The following is a general description of the categories of documents to be offered by the Plaintiffs:

(1)    Order dated January 13, 2006 from the Superior Court of the Tifton Judicial Circuit

(2)    Order dated March 20, 2006, entered by the Fulton County Superior Court;

(3)    ATS documents concerning the atomic assorption testing

(4)    Letters from GDOT defaulting Douglas Asphalt Company on all GDOT projects and letters removing Douglas from the qualified bidders list

(5)    Qore inspection photographs

(6)    GDOT test methods for calcium

(7)    Core samples obtained by Qore

(8)    Exhibits to deposition testimony presented by witnesses previously identified in paragraph 15.

(9)     Financial statements relating to Douglas Asphalt

Company;

(10)   Plant dairies

(11)   Photographs produced by Qore

(12)   Douglas Asphalt Company Plant Diaries

(13)   Power point presenatation of Peter Wu

(14)   GDOT sampling, testing and inspection manual

(15)   Any documents identified by Defendant

(16)   Any documents produced during discovery

(17)   Any documents necessary for impeachment and/or rebuttal.

*Defendant:*

(1)     ATS documents concerning atomic absorption testing

(2)     DOT testing guidelines for atomic absorption testing

(3)     Any documents attached to depositions taken in the case

**17.     List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.**

**(a)     Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.**

**(b)     The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.**

*Plaintiff:*  To the extent, any witness properly listed by the Plaintiffs or Defendant in this action, who is not available for trial as defined by the Federal Rules of Evidence, Plaintiffs may offer the testimony by deposition.

*Defendant:*  To the extent, any witness properly listed by the Plaintiffs or Defendant in this action, who is not available for trial as defined by the Federal Rules of Evidence, Defendant may offer the testimony by deposition.

**18.     Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.**

*Plaintiff:*     The Plaintiffs incorporate their memoranda of law filed in connection with their response to Defendant's Motions for Summary Judgment.

The Plaintiffs respectfully reserve the right to present further briefing to the Court if necessary.

*Defendant*:

The Defendant respectfully reserves the right to present further briefing to the Court if necessary.

**19.    Plaintiffs estimate 3 days to present their case.  Defendant estimates that its case  will take _____ days to present the defense.**

**20.**    Plaintiff(s) __X__ has _____ has not offered to settle.

Defendant(s) __X__ has _____ has not offered to settled.

It appears at this time that there is

_____ A good possibility of settlement

_____ Some possibility of settlement

__X__ No possibility of settlement

The Plaintiffs do wish to confer with the Court regarding settlement.

**21.    State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.**

Not applicable.

**22.    State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the**

reasons for such opposition.

*Plaintiffs*:  Plaintiffs do not believe the issues of liability and damages should be tried separately.

*Defendant:*  A bifurcated trial may drastically shorten the trial of this case. There is only one defendant, and there are viable defenses to the issue of liability in this case.  Presentation of the issue of damages will be time consuming and complicated.

**23.    In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto. Lead counsel are to discuss and agree on such special verdict where possible. Where agreement is not reached, state the basis for any objections to the special verdict request.**

Plaintiff's proposed Verdict Form is Attached hereto as Plaintiffs' Attachment C.  Defendant's proposed verdict form is attached hereto as Defendant's Attachment C.

**24.    In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.**

Not applicable.

Respectfully submitted this  20th  day of May, 2009.


                                SAVAGE, TURNER, PINSON &
                                KARSMAN


                        BY:    /s/ Brent J. Savage
                                Brent J. Savage
                                Georgia Bar No. 627450
                                William H. Pinson
                                Georgia Bar No. 580600

304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140


                                 /s/ Kenneth E. Futch
                                Kenneth E. Futch, Esq.
                                Georgia Bar No. 281158

110 Screven Avenue
Waycross, Georgia  31501
(912) 490-3911  Telephone
(912) 449-6323  Facsimile
kfutch@keflaw.com
ATTORNEYS FOR PLAINTIFF

DREW, ECKL & FARNHAM, LLP


  /s/ B. Kaye Katz-Flexer _____
B. Kaye Katz-Flexer, Esq.
Georgia Bar No. 408725
Attorney for Defendant
Applied Technical Services, Inc.

777 Gloucester St., Ste. 400
Brunswick, Georgia 31520
(912) 280-9662
(912) 267-0654 Fax
Bflexer@deflaw.com

IT IS HEREBY ORDERED that the foregoing constitutes a PRETRIAL

ORDER in the above case, that is supersedes the pleadings which are hereby

amended to conform hereto, and that this PRETRIAL order shall not be amended

except by ORDER OF THE COURT.

ORDERED on this _____ day of _____, 2009.


_____

The Honorable Anthony A. Alaimo
Judge, United States District Court
Southern District of Georgia

ATTACHMENT "A"

Plaintiff's Proposed STIPULATED FACTS

1.    In 1996, the Georgia Department of Transportation awarded Douglas
      Asphalt Company which required, in part, resurfacing portions of I-95 and I-
      75 utilizing a type of asphalt mix specified by GDOT requiring hydrated
      lime.

2.    In June 2003, GDOT entered into an agreement with Qore, Inc. for Qore to
      pull cores from the I-75 and I-95 projects and Qore entered into an
      agreement with Applied Technical Services whereby it would perform
      atomic absorption testing on the cores.

3.    GDOT defaulted Douglas Asphalt on both projects based upon test results
      supplied by ATS.

4.    On January 13, 2006, the Superior Court of the Tifton Judicial Circuit found
      the test performed by ATS to be unreliable and unscientific.  On March 20,
      2006 the Fulton County Superior Court found the testing performed by ATS
      to be unreliable and unscientific.

# ATTACHMENT A

## Defendant's Proposed Stipulations

1.    ATS was contracted by Qore to perform tests for atomic absorption.

2.    The tests performed were provided by the Georgia Department of Transportation.

3.    ATS never developed the tests used in testing.

4.    ATS reported its test results to Qore pursuant to their contract.

5.    ATS never made any representations to any source about the quality or usefulness of the tests.

6.    ATS did not have any independent duty to make decisions on the usefulness of the tests.

7.    ATS is not responsible for the manner in which GDOT used the test results.

ATTACHMENT "B-1"

PLAINTIFFS' PROPOSED GENERAL VOIR DIRE QUESTIONS

1.    Have any of you ever had any business dealings or sought any legal advice from lawyers associated with the firm of Drew, Eckl & Farnham, LLP?

2.    Do any of you know socially any of the lawyers associated with the firm of Drew, Eckl & Farnham, LLP?

3.    Do any of you know anyone who is employed by ATS, Applied Technical Services, Inc., the Defendant in this action?

4.    Has anyone here ever been involved in any type of testing to determine the components involved in a product such as asphalt or concrete?

5.    Has anyone here ever been employed in the field of road construction?

6.    Do any of you have any relatives who are employed in testing to determine the components of a product such as asphalt or concrete?

7.    Do any of you have any relatives who are employed in the field of road construction?

8.    Have you or has any member of your family ever engaged in the practice of law or worked in a law office?

9.    Have you or has any member of your family ever been involved in insurance claim work?

10.    Have you or has any member of your family had any training in the field of chemistry?

11.    Have your or has any member of your immediate family ever been a plaintiff or a defendant in a lawsuit?

12.    Have you ever served previously on a jury in either the state or federal court?

## ATTACHMENT "B-2"

<u>DEFENDANT'S PROPOSED GENERAL VOIR DIRE QUESTIONS</u>

1.    Have any of you ever had any business dealings or sought any legal advice from lawyers associated with the firm of Savage, Turner, Pinson & Karsman?

2.    Do any of you know socially any of the lawyers associated with the firm of Savage, Turner, Pinson & Karsman?

3.    Are you or do any of you know anyone who is employed by Douglas Asphalt Company, Joel H. Spivey or Kyle Spivey, the Plaintiffs in this action?

4.    Do any of you know the Plaintiffs in any way?

5.    Has anyone here ever been involved in any type of testing to determine the components involved in a product such as asphalt or concrete?

6.    Has anyone here ever been employed in the field of road construction?

7.    Do any of you have any relatives who are employed in testing to determine the components of a product such as asphalt or concrete?

8.    Do any of you have any relatives who are employed in the field of road construction?

9.    Have you or has any member of your family ever engaged in the practice of law or worked in a law office?

10.    Have you or has any member of your family had any training in the field of chemistry?

11.    Have your or has any member of your immediate family ever been a plaintiff in a lawsuit?

12.    Have you ever served previously on a jury in either the state or federal court?

13.     Have your or any of your family or friends live in Coffee County?

14.     Have you or any of your family or close friends heard anything about this case?

**PLAINTIFF'S ATTACHMENT C**
**PROPOSED VERDICT FORM**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **DOUGLAS ASPHALT COMPANY,** | ) | |
| **JOEL H. SPIVEY and KYLE SPIVEY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **2:06-cv-229-AAA** |
| | ) | |
| **APPLIED TECHNICAL  SERVICES,** | ) | |
| **INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## *PROPOSED VERDICT FORM OF PLAINTIFFS*

INSTRUCTIONS:   Mark an "X" in the blank next to your findings and fill in the appropriate blanks, if applicable:

A.        _____We, the jury, find in favor of the Plaintiffs, Douglas Asphalt Company, Joel H. Spivey and Kyle Spivey and against the Defendant Applied Technical Services, Inc. in the sum of $_____ .

B.        _____We, the jury find in favor of the Defendant Applied Technical

Services,  Inc. in the sum of   $_____.

This _____ day of _____, 2009.


_____
Foreperson


_____
Date

**DEFENDANT'S ATTACHMENT C**
**PROPOSED VERDICT FORM**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **DOUGLAS ASPHALT COMPANY,** | ) | |
| **JOEL H. SPIVEY and KYLE SPIVEY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **2:06-cv-229-AAA** |
| | ) | |
| **APPLIED TECHNICAL  SERVICES,** | ) | |
| **INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**PROPOSED VERDICT FORM OF DEFENDANT**


_____We the jury find in favor of the Plaintiffs.

**OR**

_____We the jury find in favor of the Defendant ATS.

_____
Foreperson


_____
Date

32