IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DOUGLAS ASPHALT COMPANY, JOEL H. SPIVEY and KYLE SPIVEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:06-CV-229-AAA |
| APPLIED TECHNICAL SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S TRIAL BRIEF

COMES NOW Defendant Applied Technical Services, Inc. ("ATS"), by and through counsel, and files this its Trial Brief, showing the Court as follows:

### I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

**A.   Factual Background**

Plaintiff Douglas Asphalt Company ("DAC") is a Georgia asphalt contractor who has performed numerous highway projects for the Georgia Department of Transportation ("GDOT"). [Doc. 7, ¶ 15-16]. The instant case arises out of two construction projects awarded to DAC by the GDOT; Contract No. NH-95-1(153) ("I-95 Project") and Contract No. NH-75-1 (157) ("I-75 Project") (collectively the "Projects"). [See Doc. 46]. After work was performed on the projects, the GDOT notified DAC that certain asphalt placed by DAC on each Project was defective and directed DAC to remove and replace the asphalt. [Doc. 46, ¶¶ 39, 74]. On both projects, DAC refused to replace the asphalt identified as defective, resulting in the GDOT issuing a default to DAC as to both Projects. Id. at ¶¶ 50, 78.

ATS was not involved in the original construction of the two Projects. [See Doc. 1, 7, 46]. Rather, ATS entered into an agreement to perform AA testing for Defendant QORE in August of 2003. [Ex. "A" to Doc. 142, p. 14]. There is no evidence, in Plaintiff's original Complaint or Amended Complaints, suggesting that ATS served in any capacity other than a consultant retained by QORE to perform AA testing. [See Doc. 1, 7, 46]. Moreover, Plaintiffs admit *in judicio* that ATS performed the AA testing using the GDOT's "Standard Operating Procedures" and reported the results directly to QORE. [Doc. 141, pp. 4, 5, 6].

### B.  Procedural History

DAC, Joel H. Spivey, and Kyle Spivey (collectively the "Plaintiffs") filed the instant Complaint on October 10, 2006. [Doc. 1]. Plaintiffs subsequently amended their Complaint twice. [See Doc. 7, 46]. As amended, Plaintiff's Complaint included counts against ATS for (1) negligence; (2) negligent misrepresentation; (3) fraud; (4) defamation/false light; (5) violations of the Federal R.I.C.O. Act; (6) attorney's fees and expenses; and (7) punitive damages. Id.

ATS moved to dismiss each of the aforementioned claims, and pursuant to this Court's August 7, 2007 Order, this Court dismissed Plaintiffs' counts against ATS for (1) negligent misrepresentation; (2) fraud, and (3) violations of the Federal R.I.C.O. Act. [See Doc. 106]. The remaining allegations against ATS include (1) negligence; (2) defamation/false light; (3) attorney's fees and expenses; and (4) punitive damages.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. There Is No Clear And Convincing Evidence To Support A Claim for Punitive Damages

It is well established under Georgia law that punitive damages are to be awarded only in those instances where the facts show either willful behavior on the part of the defendant, or a conscious indifference to the consequences of the action involved.  To support an award of punitive damages, there must be evidence of willful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences to authorize the imposition of punitive or exemplary damages. Gunter v. Logue, 138 Ga. App. 868, 227 S.E.2d 773 (1976).  See also Rossville Apts. Co. v. Britton, 178 Ga. App. 194, 342 S.E.2d 504 (1986); Donson Nursing Facilities v. Dixon, 176 Ga. App. 700, 337 S.E.2d 351 (1986); Georgia-Carolina Brick & Tile Co. v. Brown, 153 Ga. App. 747, 266 S.E.2d 531 (1980); BLI Construction Co. v. Debari, 135 Ga. App. 299, 217 S.E.2d 426 (1975).  Under O.C.G.A. § 51-12-5.1(b), a plaintiff must establish the defendant's requisite conduct by "clear and convincing evidence."  Sparks v. Ellis, 205 Ga. App. 263, 421 S.E.2d 758 (1992); see also Georgia Kraft Co. v. Faust, 200 Ga. App. 686, 409 S.E.22 247 (1991).

In the instant case, there is no evidence establishing willful conduct, malice, fraud, wantonness, or oppression.  Moreover, there is no evidence upon which Plaintiffs can prove that ATS exhibited "an entire want of care which would raise the presumption of a conscious indifference to consequences."  Conscious indifference has been defined as an intentional disregard of the rights of another, or as knowingly or willfully disregarding such rights. Hutcherson v. Progressive Corp., 984 F.2d 1152, 1155 (11th Cir. 1993).  This standard cannot be met unless the plaintiff has shown a knowing or willful disregard for plaintiff's rights.  See Georgia Farm Bureau Mut. Ins. Co., Inc. v. Miller, 222 Ga. App. 95, 473 S.E.2d 189 (1996);

3

Morales v. Webb, 200 Ga. App. 788, 409 S.E. 2d 572 (1991).  For example, the Georgia Supreme Court held in Banks v. ICI Americas, Inc., 266 Ga. 607, 469 S.E.2d 171, 175 (1996) that:

> something more than the mere commission of a tort **is always required** for punitive damages.  There must be circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such conscious and deliberate disregard of the interest of others that the conduct may be called willful or wanton.  **There is general agreement that, because it lacks this element, mere negligence is not enough, even though it is so extreme in degree as to be characterized as gross**.

(emphasis added).

The facts in this case do not constitute an "entire want of care" as to show "a conscious indifference to consequences."  It is anticipated that Plaintiffs will argue they are entitled to punitive damages based on allegations that ATS performed AA testing and reported the test results to QORE.  Plaintiffs allege that ATS should have known that the test results were to be provided to the GDOT; that the results were inaccurate and provided unreliable results; and that the test results would place Plaintiffs in a false light, causing Plaintiffs harm. [Doc. 46, ¶¶ 88, 100].  However, Plaintiffs have produced no competent evidence to support these allegations, preventing Plaintiffs from establishing an "entire want of care" or "a conscious indifference to consequences."[1]  As Plaintiffs have offered no basis upon which they can support a claim for punitive damages, the issue of punitive damages should not be submitted to a jury.  Moon v. Georgia Power Co., 127 Ga. App. 524, 194 S.E.2d 348 (1972); Kaplan v. Sanders, 237 Ga. 132, 227 S.E.2d (1976).

---

[1] Merely using the correct adjectives in describing the character of the negligence is not a sufficient basis to allow the issue of punitive damages to go to a jury.  Southern Ry. Co. v. Davis, 132 Ga. 812, 65 S.E. 131 (1909); Mills v. Mangum, 107 Ga. App. 614, 131 S.E.2d 67 (1963).

4

### B. Plaintiffs Should Be Barred From Testifying Or Making Any Claim For Speculative Damages

Under Georgia law, damages that are not the legal or natural consequence of the tortuous act are too remote and contingent to recover. Norris v. Pig'n Whistle Sandwich Shop, 79 Ga. App. 369, 373, 53 S.E.2d 718 (1949). Accordingly, damages recoverable in a tort action must be shown with reasonable certainty. Damages that "are remote, speculative, contingent, or uncertain are not recoverable" MTW Inv. Co. v. Alcovy Prop., Inc., 228 Ga. App. 206, 491 S.E.2d 460 (1997); see also Market Place Shop. Ctr., L.P. v. Basic Bus. Alt., Inc., 227 Ga. App. 419, 489 S.E.2d 162 (1997).

In the instant case, it is anticipated that Plaintiffs will make a claim for the following speculative damages: (1) lost prospective earnings, both from existing and unknown future projects; and (2) lost investment opportunities.

#### 1. Loss of Prospective Profits

As a general rule, "the expected profits of a commercial business are too uncertain, speculative, and remote to permit a recovery for their loss" Palmer v. Atlantic Ice & Coal Corp., 178 Ga. 405, 405, 173 S. E. 424 (1934; see also Georgia Grain Growers Assn. v. Craven, 95 Ga. App. 741, 747, 98 S.E.2d 633 (1957). In Cooper v. National Fertilizer Co. 132 Ga. 529, 535, 64 S.E. 650 (1909), the Georgia Supreme Court explained the reason for this rule, holding that the

> profits of a commercial business are dependent on so many hazards and chances, that unless the anticipated profits are capable of ascertainment, and the loss of them traceable directly to the defendant's wrongful act, they are too speculative to afford a basis for the computation of damages.

Plaintiff's anticipated claim for loss of income relating to unrelated existing and unknown future projects is a claim for loss of prospective profits. Accordingly, as held by the Georgia

5

Supreme Court, such damages are too "uncertain, speculative, and remote to permit a recovery" and should not be presented to the jury. Palmer, 178 Ga. at 405.

### 2. Loss of Investment Opportunities

Evidence of expected profits from a new business or future investment are too speculative, uncertain, and remote to be considered, and does not meet the legal standard of reasonable certainty. Radlo of Georgia. v. Little, 129 Ga. App. 530, 534, 199 S.E.2d 835 (1973). In the instant case, ATS anticipates that Plaintiffs will claim damages from lost investment opportunities. As clearly set forth under Georgia law, because such damages are "too speculative, uncertain, and remote," such evidence should not be presented to the jury. Id. at 534.

### 3. Damages Unsupported By Competent Evidence

When a party sues for specific damages, he has the burden of showing the amount of the loss, and of showing it in such a way that the jury may calculate the amount from the figures furnished. The jury cannot not be placed in a position where allowance of any sum would be mere guesswork. National Ref. &c. Co. v. Parmalee, 9 Ga. App. 725, 726, 72 S.E. 191 (1911). In sum, Damages cannot be left to speculation and conjecture. Southern Airways, Inc. v. Dross, 162 Ga. App. 572, 291 S.E.2d 93 (1982).

In the instant case, ATS anticipates that Plaintiffs will make various unsupported claims for damages, including (1) a claim that Plaintiffs' bonding company preventing Plaintiff from entering into certain contracts; and (2) a claim that the individually named Plaintiff's liquidated their personal assets and/or supplied DAC with capital to maintain its operations. As to each of these assertions and to those claims for prospective profits referenced above, Plaintiffs have failed to submit evidence establishing their loss. Moreover, Plaintiffs have failed to produce

competent evidence that these damages are the legal or natural result of the tortious actions allegedly committed by ATS. If the aforementioned claims are submitted to the jury, the jury will be left with nothing but speculation to determine the amount of Plaintiffs' alleged damages. Accordingly, Plaintiffs should be precluded from presenting unsupported damages claims to the jury.

      **C.**    **As Part of Plaintiff's Claim For Attorney's Fees Against ATS, Plaintiff Should Be Precluded From Presenting Any Evidence of Attorney's Fees Relating to Any Prior Litigation**

Under Georgia law, recovery of attorney's fees is not applicable to a case where the attorney's fees asked for do not arise out of the present suit, but rather were part of another legal proceeding. A.C.L.R. Co. v. Nellwood Lumber Co., 21 Ga. App. 209, 216, S.E. 86 (1917); Randolph v. Merchants & Mechanics Banking & Loan Co., 58 Ga. App. 566, 572, 199 S.E. 549, 554 (1938); Talmadge v. McDonald, 44 Ga. App. 728, 735, 162 S.E. 856 (1932). As part of Plaintiffs' presentation of evidence in support of Plaintiffs' claim for attorney's fees against ATS, Plaintiffs should be barred from introducing evidence of attorney's fees incurred by Plaintiffs in Douglas Asphalt Co. v. State of Georgia, Department of Transportation, Civil Action File No. 2005-CV-0137, Superior Court of Turner County, State of Georgia, or Douglas Asphalt Co. v. State of Georgia, Department of Transportation, Civil Action No.: 2004-CV-88139, Superior Court of Fulton County, State of Georgia.

        DREW ECKL & FARNHAM, LLP

        /s/ Eric R. Mull_____
        Eric R. Mull
        Georgia Bar No. 556860


        /s/ Paul W. Burke_____
        Paul W. Burke
        Georgia Bar No. 095642
        Attorney for Applied Technical Services, Inc.

880 W. Peachtree Street
P.O. Box 7600
Atlanta, GA  30357-0600
pburke@deflaw.com
emull@deflaw.com
Tel. (404) 885-1400
Fax (404) 876-0992


        /s/ B. Kaye Katz-Flexer_____
        B. Kaye Katz-Flexer
        Georgia Bar No. 408725

8 St. Andrews Court
P.O. Box 624
Brunswick, GA  31521
Tel. (912) 280-9662
Fax (912) 267-0654
bflexer@deflaw.com
2437474/1
0652-72078

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DOUGLAS ASPHALT COMPANY, JOEL H. SPIVEY and KYLE SPIVEY, <br><br> Plaintiffs, <br><br> v. <br><br> APPLIED TECHNICAL SERVICES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 2:06-CV-229-AAA |

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day filed electronically the foregoing **DEFENDANT'S TRIAL BRIEF** using the CM/ECF system, which will automatically send e-mail notification to all parties in this case.

    This 13th day of August, 2009.

                                            DREW ECKL & FARNHAM, LLP

                                            /s/ Paul W. Burke
                                            Paul W. Burke

880 W. Peachtree Street
Atlanta, GA 30357-0600

2437474/1
0652-72078