IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DOUGLAS ASPHALT COMPANY, JOEL H. SPIVEY and KYLE SPIVEY, <br><br> Plaintiffs, <br><br> v. <br><br> APPLIED TECHNICAL SERVICES, INC., <br><br> Defendant. | Civil Action No. 2:06-CV-229-AAA |

## DEFENDANT APPLIED TECHNICAL SERVICES, INC'S RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS

COMES NOW Applied Technical Services, Inc. ("ATS"), by and through counsel, and submits its Response to Plaintiffs' Motion for Sanctions, showing as follows.

### I.   INTRODUCTION

The issue before this Court is whether ATS' Answer should be struck based on a purported discovery dispute. As shown below, Plaintiff did not file a motion to compel discovery responses from ATS prior to the close of discovery. In addition, Plaintiff has not certified that a good faith effort has been made to resolve the purported discovery dispute. Finally, Plaintiff has not established that ATS' has acted with flagrant bad faith, which is necessary in order to strike ATS' Answer. Accordingly, ATS respectfully requests that Plaintiff's Motion for Sanctions be denied.

## II. FACTS

On or about April 5, 2007, Plaintiffs served ATS with Plaintiffs' First Request for Production of Documents. Request for Production No. 4 sought the production of

> all handbooks, policies, guidelines, or similar documents governing the manner in which ATS should have obtained, stored, transported, and/or tested asphalt samples during the time that ATS was involved in the testing of asphalt samples purportedly originating from Douglas Asphalt.

[See Ex. A to Doc. 228]. ATS timely responded with the following objections and response:

### General Objections

1. Defendant objects to each of Plaintiff's Request for Production of Documents to the extent that they seek the disclosure of communications between Defendant and its attorney on the ground that such information is privileged and protected from production.

2. Defendant objects to each of Plaintiff's Request for Production of Documents to the extent that they seek the disclosure of information regarding the mental impressions or opinions of Defendant's legal counsel or materials prepared by or for Defendant or its counsel in anticipation of litigation or for trial on the ground that such material is protected under the work product doctrine.

3. This Defendant objects to Plaintiff's Requests to the extent that they are onerous, unduly burdensome and request information which is immaterial and/or irrelevant to the causes of action pled or defenses raised and/or not calculated to lead to the discovery of admissible evidence.

### Response to Request to Produce No. 4

Defendant objects to this Request to the extent it seeks information subject to the attorney/client, attorney work product or materials prepared in anticipation of litigation privileges. Defendant further objects to this Request to the extent such evidence is impeachment evidence and this party is under no obligation to identify or produce same.

Subject to these objections and without waiving same, Defendant Applied Technical Services, Inc. has this day been served with a Motion for Protective Order by Defendant Georgia Department of Transportation regarding documents allegedly in its possession that are protected by the attorney work product privilege existing among the Georgia Department of Transportation, its counsel, and Applied Technical Services, Inc. Once it has been determined which

documents are so protected, all documents that are not covered by the privilege and are not otherwise subject to an objection will be identified.

Id.

As shown by the record of this Court, Plaintiffs did not object to ATS' discovery responses or seek to compel production of any document or information.  Moreover, Plaintiffs did not raise any discovery issues with this Court during the Pretrial Conference or Proposed Pretrial Order.  [See Doc. 199, 205].   Pursuant to this Court's Order dated July 27, 2007, discovery closed on September 1, 2007.  [Doc. 102].  Plaintiffs filed the instant Motion for Sanctions more than 2 years after discovery closed, seeking to strike ATS' answer based on a purported discovery dispute.  [Doc. 228, ¶¶ 8-11].  As shown in more detail below, Plaintiffs' request for sanctions for any purported discovery dispute is both untimely and unfounded.

### III.     ARGUMENT AND CITATION OF AUTHORITY

#### A.     Plaintiffs' Failed To Timely Compel Discovery Prior to Filing the Instant Motion for Sanctions

All discovery issues must be properly brought before the court before the close of discovery in the form of a motion to compel. See Williams v. Barrett, No. 1:05-CV-2569-TWT, 2008 U.S. Dist. LEXIS 12246, at *10-11 (N.D. Ga. February 12, 2008) (denying plaintiff's argument that Defendant thwarted plaintiff's discovery because plaintiff failed to file a motion to compel prior to the close of discovery);  see also Samadi v. Bank of America, No. 109-002, 2009 U.S. Dist. LEXIS 74250, at *2-3 (S.D. Ga. August 21, 2009)

In Samadi v. Bank of America, No. 109-002, 2009 U.S. Dist. LEXIS 74250, at *2-3 (S.D. Ga. August 21, 2009), plaintiff filed an objection to the Magistrate's Recommendation granting

defendant's motion to compel, arguing that defendant failed to comply with plaintiff's discovery requests.  This Court ruled that

> even if Plaintiff was dissatisfied with the discovery, Plaintiff – after engaging in a good faith effort to resolve the discovery dispute – <u>should have filed the appropriate discovery motion pursuant to the Federal and Local Rules of Civil Procedure</u>.  Plaintiff should not have used his dissatisfaction with Defendant's discovery responses as an excuse not to comply with his responsibilities.

<u>Id</u>. (emphasis added).

As shown by the record of this Court, Plaintiffs have failed to object or otherwise file a motion to compel any document or information from ATS.  Accordingly, Plaintiffs have failed to file "the appropriate discovery motion pursuant to the Federal and Local Rules of Civil Procedure."  <u>Id</u>.  Plaintiffs' dissatisfaction with ATS' discovery responses is not "an excuse not to comply with his responsibilities" under both the Federal and Local Rules of Civil Procedure.  <u>Id</u>.  Accordingly, as Plaintiffs failed to follow the proper procedure for compelling discovery prior to filing the instant Motion for Sanctions, Plaintiffs' Motion for Sanctions should be denied.

> **B.     Plaintiffs Failed to Certify in Good Faith that Plaintiffs Attempted to Confer with ATS Regarding Any Purported Discovery Dispute Prior to Filing the Instant Motion for Sanctions**

Fed. R. Civ. P. 37(a)(1) provides:

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The Motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

S.D. Ga. R. 26.4 reminds counsel that the Federal Rules of Civil Procedure

require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

As shown above, Plaintiffs failed to file the appropriate motion to compel prior to filing the instant Motion for Sanctions. Assuming that Plaintiffs did properly file a motion to compel, Plaintiffs have not certified that a good faith effort has been made to resolve any purported discovery dispute.

### C. ATS Has Not Acted With Flagrant Bad Faith As Required In Order to Strike ATS' Answer

As cited by Plaintiffs' Motion for Sanctions, the remedy of striking an answer should be applied "only in extreme circumstance[s]." Dean v. Ellington, 115 F.R.D. 576, 578 (N.D. Ga. 1987). In evaluating whether to strike an answer or pleading, a court should examine the following factors:

> whether the noncomplying party has (1) acted with flagrant bad faith, (2) to the detriment of the other party, (3) through the fault of the noncomplying party, (4) where less drastic alternatives have already been tried.

Id. at 578. In Dean, the plaintiff failed to attend his deposition on numerous occasions, resulting in the defendant filing a motion to strike the plaintiff's complaint. In denying the defendant's motion to strike, the court defined the type of discovery misconduct that rises to the level of "flagrant bad faith" necessary to strike a pleading. The court first noted that the defendant's correct action should have been to file a motion to compel before filing its motion to strike. Id. If such motion to compel had been filed and granted, the plaintiff's failure to comply would have then risen to the level of "'flagrant disregard and willful disobedience' of a court's discovery orders required to sustain dismissal as a remedy." Id.

In the instant case, ATS, in good faith, filed numerous objections to Plaintiffs' Request for Production of Documents. Plaintiffs at no time challenged any objection as unfounded or misplaced. Rather, Plaintiffs allowed the discovery period to conclude and engaged in the Pretrial Conference without raising any purported discovery dispute with this Court. As a result,

Plaintiffs failed to properly compel discovery through this Court prior to filing the instant Motion for Sanctions. Consequently, as ATS has not violated an order from this Court compelling the production of any document or information, ATS' actions do not rise to the level of "flagrant disregard and willful disobedience" required to sustain the dismissal of this action. Id.

Accordingly, as Plaintiffs have failed to comply with their duties under both the Federal and Local Rules of Civil Procedure for compelling discovery prior to filing the instant Motion for Sanctions, and because Plaintiffs' Motion for Sanctions is unfounded, Plaintiffs' Motion for Sanctions should be denied.

DREW ECKL & FARNHAM, LLP

/s/ Eric R. Mull_____
Eric R. Mull
Georgia Bar No. 556860


/s/ Paul W. Burke_____
Paul W. Burke
Georgia Bar No. 095642

880 W. Peachtree Street
P.O. Box 7600
Atlanta, GA  30357-0600
pburke@deflaw.com
emull@deflaw.com
Tel. (404) 885-1400
Fax (404) 876-0992


/s/ B. Kaye Katz-Flexer_____
B. Kaye Katz-Flexer
Georgia Bar No. 408725

777 Gloucester St., Suite 400
Brunswick, GA 31520
Tel. (912) 280-9662
Fax (912) 267-0654
bflexer@deflaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DOUGLAS ASPHALT COMPANY, JOEL H. SPIVEY and KYLE SPIVEY, <br><br> Plaintiffs, <br><br> v. <br><br> APPLIED TECHNICAL SERVICES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 2:06-CV-229-AAA |

CERTIFICATE OF SERVICE

    I hereby certify that I have this day filed electronically the foregoing **DEFENDANT APPLIED TECHNICAL SERVICES, INC'S RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS** using the CM/ECF system, which will automatically send e-mail notification to all parties in this case.

    This 10th day of September, 2009.

                                            DREW ECKL & FARNHAM, LLP

                                            /s/ Paul W. Burke
                                            Paul W. Burke

880 W. Peachtree Street
Atlanta, GA  30357-0600

2461070/1
0652-72078