IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DOUGLAS ASPHALT COMPANY, JOEL H. SPIVEY and KYLE SPIVEY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:06-CV-229-AAA |
| APPLIED TECHNICAL SERVICES, INC., | ) ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT APPLIED TECHNICAL SERVICES, INC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND PRETRIAL ORDER**

COMES NOW Applied Technical Services, Inc. ("ATS"), by and through counsel, and submits its Response to Plaintiffs' Motion for Leave to Amend Pretrial Order, showing as follows.

### I.   FACTS

ATS incorporates by reference the Statement of Facts included in ATS' Response to Plaintiffs' Motion for Sanctions. [See Doc. 233]. On May 20, 2009, the Proposed Pretrial Order was submitted to this Court. [See Doc. 199]. In preparing the Proposed Pretrial Order, both parties had the opportunity to raise any issue with this Court, including any outstanding discovery disputes and what witnesses and exhibits each party planned to introduce at the trial of this case. Id. In drafting Plaintiffs' portion of the Pretrial Order, counsel for Plaintiffs failed to address any purported discovery dispute Plaintiffs had with ATS. See id. Moreover, Plaintiffs failed to request the addition of Alvin L. Crumbliss as an expert witness. Id.

On June 26, 2009, a Pretrial Conference was held before this Court. [Doc. 204]. During that conference, both parties had the opportunity to raise any issue with this Court, including any discovery dispute and what witnesses and exhibits each party planned to introduce at the trial of this case. Id. During the Pretrial Conference, counsel for Plaintiffs failed to address any purported discovery dispute Plaintiffs had with ATS. See id. Moreover, Plaintiffs had the opportunity to include all exhibits and witnesses Plaintiffs plan to introduce at the trial of this case. Id. Plaintiffs failed to request the addition of Alvin L. Crumbliss as a witness. Id.

Plaintiffs' filed the instant Motion to Amend the Pretrial Order, arguing that additional documents produced by ATS justifies allowing the Plaintiffs to add additional exhibits and an expert witness to the Pretrial Order. [See Doc. 229]. As shown below, Plaintiffs' motion is both untimely and unfounded. Plaintiffs failed to compel the production of any document prior to the close of discovery or entry of the Pretrial Order. Moreover, Plaintiffs had access to all information necessary to allow them to identify their experts prior to entry of the Pretrial Order. ATS would be greatly prejudiced by the addition of a new expert on the eve of trial.

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    Manifest Injustice Will Not Result if Plaintiffs' Motion to Amend is Denied

Pretrial orders are governed by Fed. R. Civ. P. 16(e). Under that rule, there is no limitation on the court's power to amend a pretrial order unless the order follows a final pretrial conference. In the event a final pretrial conference is held, the court can amend the pretrial order only to prevent manifest injustice. See Dickerson v. Central United Life Insurance Co., 932 F. Supp. 1471, 1474 (M.D. Ga. 1996). In addition, S.D. Ga. R. 16.4 provides:

> unless the assigned Judge prescribes otherwise, the parties shall submit a consolidated pretrial order at the time and in the form prescribed by the assigned Judge. When entered by or at the direction of the assigned Judge, the pretrial order shall supersede all prior pleadings, shall control the trial of the case, and

shall be amended only by order of the Court and only upon showing of good cause.

In the instant case, a final pretrial conference was held. Therefore, the pretrial order should be modified <u>only</u> to prevent a manifest injustice. As shown in Plaintiffs' Motion to Amend, Plaintiffs do not explain if or how they will be prejudiced by not amending the pretrial order. [<u>See</u> Doc. 229]. Rather, Plaintiffs simply state that documents have been produced by ATS and that Plaintiffs would like to include those documents on Plaintiffs' exhibit list. Clearly, Plaintiffs have failed to carry their burden and, accordingly, Plaintiffs' Motion to Amend the Pretrial Order should be denied.

**B.     Amending a Pretrial Order to Include Documents Produced After the Close of Discovery and Entry of the Pretrial Order is Not Permitted**

In <u>Northern Ins. Co. of New York v. Chatham Cnty.</u>, No. CV403-99, 2008 U.S. Dist. LEXIS 19958, at *3 (S.D. GA March 3, 2008), this Court ruled that a pretrial order could not be amended to include evidence produced after the close of discovery and entry of the pretrial order. In <u>Northern</u>, plaintiffs moved to amend the pretrial order to include additional documents. Defendant established that the documents in question were not disclosed during discovery or before entry of the pretrial order. Accordingly, this Court concluded that the materials were not admissible at trial and denied plaintiff's request to amend. <u>Id</u>.

This same line of reasoning was applied in <u>Sales v. State Farm Fire and Casualty Co.</u>, No. C 84-715 A, 1986, at * 1 U.S. Dist. LEXIS 27472 (N.D. GA. March 28, 1986). In <u>Sales</u>, the court denied plaintiff's motion to amend the pretrial order. <u>Id</u>. at *1. In so ruling, the court noted that the plaintiff's motion to amend was filed over a year after the close of discovery and after the pretrial order was submitted. <u>Id</u>. In addition, the court noted that the case had already been continued from the trial calendar. <u>Id</u>.

In the instant case, Plaintiffs' submitted their motion to amend the pretrial order more than two years after the close of discovery and more than three months after the consolidated Pretrial Order was submitted. In addition, just as in Sales, this case has already been continued from the trial calendar once. Any discovery dispute Plaintiffs have with ATS should have been brought to this Court's attention prior to the close of discovery. See Williams v. Barrett, No. 1:05-CV-2569-TWT, 2008 U.S. Dist. LEXIS 12246, at *10-11; Samadi v. Bank of America, No. 109-002, 2009 U.S. Dist. LEXIS 74250, at *2-3 (S.D. Ga. August 21, 2009). At the latest, Plaintiffs should have raised any discovery dispute with this Court during the Pretrial Conference or in the Pretrial Order. Because such issues were not timely raised, Plaintiffs now have no grounds upon which to move this Court to amend the Pretrial Order. Northern Ins. Co. of New York v. Chatham County, No. CV403-99, 2008 U.S. Dist. LEXIS 19958, at *3 (S.D. GA March 3, 2008). Accordingly, Plaintiffs' Motion to Amend should be denied.

    **C.**     **Plaintiffs' Motion to Amend the Pretrial Order to Add an Expert Should be Denied Because Plaintiffs Have Had Access to All Information Necessary to Allow Plaintiffs to Identify Their Experts Prior to Entry of the Pretrial Order**

Plaintiffs conclude their Motion to Amend by asserting that Plaintiffs should be given the opportunity to add an expert who can examine and testify as to the documents recently produced by ATS. Plaintiffs would lead this court to believe that the only reason they are seeking to add Alvin L. Crumbliss ("Crumbliss") as a witness is to counter the documents recently produced by ATS and to comment on the 2005/2006 ATS test results. This argument is a red herring. First, Plaintiffs have known about the 2005/2006 tests throughout this litigation. Plaintiffs had the opportunity to depose and ask ATS employees about these tests. Moreover, Plaintiffs had the opportunity to have any expert prepared to testify as to these results. However, as shown by the record of this Court, Plaintiffs failed to do so. Second, as early as August 17, 2009, before ATS

4

produced the atomic absorption machine manual, Q. A. P. Standards, or the ATS Quality Assurance Manual, Plaintiffs' counsel approached counsel for ATS and requested that ATS grant Plaintiffs' permission to add Crumbliss as a witness. (Doc. 237, ¶ 4). ATS denied Plaintiffs' request, as the addition of any expert on the eve of trial would greatly prejudice ATS. [See Ex. "A" to Doc. 237; Doc. 237, ¶ 5].

Plaintiffs are now using the documents produced by ATS as a way to mislead this Court to believe Plaintiffs only seek to add Crumbliss as an expert witness because of these documents. However, as shown above, Plaintiffs attempted to add Crumbliss prior to the production of the subject documents. As Plaintiffs are attempting to include an expert Plaintiffs have already attempted to add, ATS should not be prejudiced by Crumbliss' late addition. Accordingly, Plaintiffs' Motion to Amend to add an expert witness should be denied.

DREW ECKL & FARNHAM, LLP

/s/ Eric R. Mull
Eric R. Mull
Georgia Bar No. 556860

/s/ Paul W. Burke
Paul W. Burke
Georgia Bar No. 095642

880 W. Peachtree Street
P.O. Box 7600
Atlanta, GA 30357-0600
pburke@deflaw.com
emull@deflaw.com
Tel. (404) 885-1400
Fax (404) 876-0992

/s/ B. Kaye Katz-Flexer
B. Kaye Katz-Flexer
Georgia Bar No. 408725

777 Gloucester St., Suite 400
Brunswick, GA 31520
Tel. (912) 280-9662
Fax (912) 267-0654
bflexer@deflaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| DOUGLAS ASPHALT COMPANY, <br> JOEL H. SPIVEY and KYLE SPIVEY, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 2:06-CV-229-AAA |
| APPLIED TECHNICAL SERVICES, INC., | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

    I hereby certify that I have this day filed electronically the foregoing **DEFENDANT APPLIED TECHNICAL SERVICES, INC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND PRE-TRIAL ORDER** using the CM/ECF system, which will automatically send e-mail notification to all parties in this case.

    This 10th day of September, 2009.

                                          DREW ECKL & FARNHAM, LLP

                                          /s/ Paul W. Burke
                                          Paul W. Burke

880 W. Peachtree Street
Atlanta, GA 30357-0600

2463777/1
0652-72078