IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| D O U G L A S   A S P H A L T COMPANY, JOEL H. SPIVEY, AND KYLE SPIVEY, | § § § § | |
| Plaintiffs, | § § | Civil Action No: 2:06-cv-229-AAA |
| vs. | § § | |
| A P P L I E D   T E C H N I C A L SERVICES, INC., | § § § | |
| Defendant. | § § | |
| and | § § | |
| E V A N S T O N   I N S U R A N C E COMPANY. | § § § | |
| Applicant/Intervenor | § § | |

## EVANSTON'S PROPOSED VERDICT FORM WITH SPECIAL INTERROGATORY QUESTIONS

COMES NOW, Evanston Insurance Company ("Evanston"), Applicant/Intervenor in the above-styled civil action and files this, its **Proposed Verdict Form with Special Interrogatory Questions** as follows:

1.    We the jury find that the test results provided by ATS to GDOT from its 2003
      and 2004 testing done at the request of GDOT

      were ____ **OR**

      were not ____

      privileged communications as that term has been defined to you by the Court.


      **If your answer to Question No. 1 is that the "test results provided by ATS
      to GDOT from its 2003-2004 testing done at the request of GDOT"
      <u>WERE</u>  privileged communications, skip Questions 2, 3, 4, and 5, and
      proceed to Question 6.**

      **If your answer to Question No. 1 is that the "test results provided by ATS
      to GDOT from its 2003-2004 testing done at the request of GDOT"
      <u>WERE NOT</u>  privileged communications, proceed to Question 2.**


2.    We the jury find that ATS

      did ____ **OR**

      did not ____

      make false statements about Douglas by providing test results from its 2003
      and 2004 testing to GDOT.


      **If your answer to Question No. 2 is that ATS "<u>DID</u> make false statements
      about Douglas  by providing of test results from its 2003 and 2004 testing
      to GDOT," proceed to Question 3.**

      **If your answer to Question No. 2 is that ATS "<u>DID NOT</u> make false
      statements about Douglas  by providing of test results from its 2003 and
      2004 testing to GDOT," skip Questions 3, 4, and 5, and proceed to
      Question 6.**

3.    We the jury find that test results provided by ATS to GDOT from its 2003-2004 testing done at the request of GDOT, which were used by GDOT to place Douglas in default

were _____ **OR**

were not _____

communicated or published by ATS to third parties other than GDOT and GDOT's representatives.

**If your answer to Question No. 3 is that the "results <u>WERE</u> communicated or published by ATS to third parties other than GDOT and GDOT's representatives," proceed to Question 4.**

**If your  answer to Question No. 3 is that the "results  <u>WERE NOT</u> communicated (or published) by ATS to third parties other than GDOT and GDOT's representatives," skip Question 4 and 5, and proceed to Question 6.**

4.    We the jury find that ATS

was ___ **OR**

was not _____

negligent in the manner in which it tested the samples it received **and** by providing the results it obtained from its testing to GDOT, which resulted GDOT placing Douglas in default.

**If your answer to Question No. 4 is that the "ATS <u>WAS</u> negligent in the manner in which it tested the samples it received and by providing the results it obtained from its testing to GDOT, which resulted GDOT placing Douglas in default,"proceed to Question 5.**

**If your answer to Question No. 4 is that the "ATS <u>WAS NOT</u> negligent in the manner in which it tested the samples it received and by providing the results it obtained from its testing to GDOT, which resulted GDOT placing Douglas in default" skip Question 5 and proceed to Question 6.**

5.    We the jury find that the test results ATS provided to GDOT in 2003 and 2004

caused _____ **OR**

did not cause _____

Douglas harm.

6.    We the jury find that the test results provided by ATS to GDOT's lawyers for

testing done between January 1 and July 14, 2005

were ____ **OR**

were not _____

privileged communications as that term has been defined to you by the Court.

**If your answer to Question No. 6 is that the "test results provided by ATS to GDOT's lawyers for testing done between January 1 and July 14, 2005," <u>WERE</u> privileged communications, skip Questions 7, 8, 9 and 10, and proceed to Question 11.**

**If your answer to Question No. 6 is that the "test results provided by ATS to GDOT's lawyers for testing done between January 1 and July 14, 2005," <u>WERE NOT</u> privileged communications, proceed to Question 7.**

7.    We the jury find that ATS

did ____ **OR**

did not _____

make false statements about Douglas when ATS provided its test results for

testing between January 1 and July 14, 2005, to GDOT 's lawyers.

**If your answer to Question No. 7 is that "ATS <u>DID</u> make false statements about Douglas when it provided its test results for testing between January 1 and July 14, 2005, to GDOT 's lawyers," proceed to Question 8.**

**If your answer to Question No. 7 is that "ATS <u>DID NOT</u> make false statements about Douglas when it provided its post-July 14, 2005 test results to GDOT's lawyers," skip Questions 8, 9, and 10 , and proceed to Question 11.**

8.    We the jury find that ATS

did ____**OR**

did not _____

communicate or publish to third parties, other than GDOT's lawyers, the

results of the testing it performed between January 1 and July 14, 2005.

**If the answer to Question No. 8 is that the ATS <u>DID</u> communicate or publish to third parties, other than GDOT's lawyers, the results of the testing it performed between January 1 and July 14, 2005," proceed to Question 9.**

**If the answer to Question No. 8 is that the ATS <u>DID NOT</u> communicate or publish to third parties, other than GDOT's lawyers, the results of the testing it performed between January 1 and July 14, 2005," skip Questions 9 and 10, and proceed to Question 11.**

9.    We the jury find that it

was ___ **OR**

was not ___

negligent for ATS to provide the results from its testing performed between

January 1 and July 14, 2005 to GDOT's attorneys.

**If the answer to Question No. 9 is that it <u>WAS negligent</u> for ATS to provide the results from its testing performed between January 1 and July 14, 2005," proceed to Question 10.**

**If the answer to Question No. 9 is that it <u>WAS NOT negligent</u>  for ATS to provide the results from its testing performed between January 1 and July 14, 2005,"  skip Question 10, and proceed to Question 11.**

10.    We the jury find that the fact that ATS provided its testing results to GDOT's

lawyers from testing it performed after January 1, 2005 and July 14, 2005

caused _____ **OR**

did not cause _____ .

11.    We the jury find that the test results provided by ATS to GDOT's lawyers for

testing done after July 14, 2005

were ___ **OR**

were not ____

privileged communications as that term has been defined to you by the Court.

**If your answer to Question No. 11 is that the "test results provided by ATS to GDOT's lawyers for testing done after July 14, 2005," <u>WERE</u> privileged communications, STOP AND DO NOT ANSWER ANY MORE QUESTIONS.**

**If your answer to Question No. 11 is that the "test results provided by ATS to GDOT's lawyers for testing done after July 14, 2005," <u>WERE NOT</u> privileged communications, proceed to Question 12.**

12.   We the jury find that ATS

did ___ **OR**

did not _____

make false statements about Douglas when ATS provided its post-July 14,

2005  results to GDOT 's lawyers.

**If your answer to Question No. 12 is that "ATS <u>DID</u> make false statements about Douglas when it provided its post-July 14, 2005 test results to GDOT 's lawyers," proceed to Question 13.**

**If your answer to Question No. 12 is that "ATS <u>DID NOT</u> make false statements about Douglas when it provided its post-July 14, 2005 test results to GDOT's lawyers," STOP AND DO NOT ANSWER ANY MORE QUESTIONS.**

13.   We the jury find that ATS

did ___**OR**

did not _____

communicate or publish to third parties, other than GDOT's lawyers, the

results of the testing it performed after July 14, 2005.

**If the answer to Question No. 13 is that the ATS <u>DID</u> communicate or publish to third parties, other than GDOT's lawyers, the results of the testing it performed after July 14, 2005," proceed to Question 14.**

**If the answer to Question No. 13 is that the ATS <u>DID NOT</u> communicate or publish to third parties, other than GDOT's lawyers, the results of the**

testing it performed after July 14, 2005," STOP AND DO NOT ANSWER
ANY MORE QUESTIONS.

14.     We the jury find that it

        was ___ **OR**

        was not ___

        negligent for ATS to provide the results from its testing performed after July

        14, 2005 to GDOT's attorneys.

        **If the answer to Question No. 14 is that it <u>WAS negligent</u> for ATS to
        provide the results from its testing performed after July 14, 2005,"
        proceed to Question 15.**

        **If the answer to Question No. 14 is that it <u>WAS NOT negligent</u> for ATS
        to provide the results from its testing performed after July 14, 2005,"
        STOP AND DO NOT ANSWER ANY MORE QUESTIONS.**

15.     We the jury find that the fact that ATS provided its testing results to GDOT's

        lawyers from testing it performed after July 14, 2005

        caused ____ **OR**

        did not cause _____

        Douglas harm.

16.     **DO <u>NOT</u> ANSWER QUESTION 16 BELOW <u>UNLESS</u> YOU ANSWERED
        THAT ATS "CAUSED DOUGLAS HARM" IN RESPONSE TO
        QUESTIONS 15.**

        If you found that ATS **<u>caused</u>** harm to DOUGLAS by providing the results of

        its tests post-July 14, 2005 to GDOT's lawyers, what percentage of harm do

you attribute to

a.    the 2003 and 2004 actions of ATS? _____

b.    ATS's actions between January 1, 2005 and July 14, 2005? _____

c.    ATS's actions after July 14, 2005? _____

Respectfully submitted, this \_\_\_13th\_\_\_ day of \_\_September\_\_, 2009.


                                      /s/ Peter H. Schmidt, II
                                     PETER H. SCHMIDT, II
                                     Georgia State Bar No:    629512
                                     *Attorney    for    Applicant/Intervenor*
                                     *Evanston Insurance Company*

TAYLOR, ODACHOWSKI, SCHMIDT
    & CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, Georgia   31522
Phone:        (912) 634-0955
Fax:          (912) 638-9739

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DOUGLAS ASPHALT          §
COMPANY, JOEL H. SPIVEY, §
AND KYLE SPIVEY,         §
                         §
              Plaintiffs, §          Civil Action No:
                         §          2:06-cv-229-AAA
       vs.               §
                         §
APPLIED TECHNICAL        §
SERVICES, INC.,          §
                         §
              Defendant.  §
                         §
and                      §
                         §
EVANSTON INSURANCE       §
COMPANY.                 §
                         §
       Applicant/Intervenor §

**CERTIFICATE OF SERVICE**

This hereby certifies that on this day, I electronically filed the ***Evanston's Proposed Verdict Form with Special Interrogatory Questions*** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Paul W. Burke, Esq.
Brent J. Savage, Esq.                    B.Kaye Katz-Flexer, Esq.
William H. Pinson, Jr., Esq.             Eric Mull. Esq.
SAVAGE, TURNER, PINSON & KARSMAN         DREW, ECKL & FARNHAM, LLP
304 East Bay Street                      880 West Peachtree Street
Savannah, Georgia   31401                Atlanta, Georgia 30309

Kenneth E. Futch, Jr., Esq.                 James Cook
THE FUTCH LAW FIRM                       Edward H. Lindsey, Jr., Esq.
110 Screven Avenue                          David M. Abercrombie, Esq.
Waycross, Georgia  31501                 GOODMAN  MCGUFFEY  LINDSEY  &
                                                          JOHNSON LLP
*Attorneys for Plaintiff*                       3340 Peachtree Road, NE
*Douglas Asphalt Company*                Atlanta, Georgia  30326-1084

                                                          *Attorneys for Defendant*
                                                          *Applied Technical Services, Inc*


        Respectfully submitted, this ___13th___ day of __September__, 2009.



                                        ___/s/ Peter H. Schmidt, II_____
                                        PETER H. SCHMIDT, II
                                        Georgia State Bar No:    629512
                                        *Attorney    for    Applicant/Intervenor*
                                        *Evanston Insurance Company*

TAYLOR, ODACHOWSKI, SCHMIDT
      & CROSSLAND, LLC
300 Oak Street, Suite 200
St. Simons Island, Georgia  31522
Phone:         (912) 634-0955
Fax:            (912) 638-9739