IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DOUGLAS ASPHALT COMPANY, JOEL H. SPIVEY and KYLE SPIVEY, <br><br>Plaintiffs, <br><br>v. <br><br>APPLIED TECHNICAL SERVICES, INC., <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 2:06-CV-229-AAA |

**APPLIED TECHNICAL SERVICES, INC.'S MOTION AND BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW**

COMES NOW Defendant Applied Technical Services, Inc. ("ATS"), by and through counsel, and pursuant to Fed. R. Civ. P. 50, respectfully shows the Court as follows:

### I.   INTRODUCTION

ATS moves for judgment as a matter of law on all issues. Plaintiffs Douglas Asphalt Company ("DAC"), Joel H. Spivey, and Kyle Spivey (collectively the "Plaintiffs") seek to impose liability upon ATS and obtain a damages award based upon: (1) defamation and (2) simple negligence. Plaintiffs have failed to carry their burden for these claims.

### II.   STATEMENT OF FACTS

**A.   Factual Background**

Plaintiff DAC is a Georgia asphalt contractor who has performed numerous highway projects for the Georgia Department of Transportation ("GDOT"). [Doc. 7, ¶ 15-16]. The instant case arises out of two construction projects awarded to DAC by the GDOT; Contract No. NH-95-1(153) ("I-95 Project") and Contract No. NH-75-1 (157) ("I-75 Project") (collectively the

"Projects"). [See Doc. 46]. After work was performed on the projects, GDOT notified DAC that certain asphalt placed by DAC on each project was defective and directed DAC to remove and replace the asphalt. [Doc. 46, ¶¶ 39, 74]. On both projects, DAC refused to replace the asphalt identified as defective, resulting in GDOT placing DAC in default on both projects. Id. at ¶¶ 50, 78.

ATS was not involved in the original construction of the two projects. [See Doc. 1, 7, 46]. Rather, ATS entered into an agreement to perform AA testing for Defendant QORE in August of 2003. [Ex. "A" to Doc. 142, p. 14]. Plaintiffs admit *in judicio* that ATS performed the AA testing using GDOT's "Standard Operating Procedures" and reported the results directly to QORE. [Doc. 141, pp. 4, 5, 6]. Plaintiffs do not allege that ATS developed any of the tests that it performed, or that ATS verified to QORE or GDOT that the test results were valuable indicators of anything. [See Doc. 7, 46, and 199].

### B.   Procedural History

Plaintiffs filed the instant Complaint on October 10, 2006. [Doc. 1]. Plaintiffs subsequently amended their Complaint twice. [See Doc. 7, 46]. As amended, Plaintiff's Complaint included counts against ATS for (1) negligence; (2) negligent misrepresentation; (3) fraud; (4) defamation/false light; (5) violations of the Federal R.I.C.O. Act; (6) attorney's fees and expenses; and (7) punitive damages. Id.

ATS moved to dismiss each of the aforementioned claims, and pursuant to this Court's August 7, 2007 Order, this Court dismissed Plaintiffs' counts against ATS for (1) negligent misrepresentation; (2) fraud, and (3) violations of the Federal R.I.C.O. Act. [See Doc. 106]. The remaining allegations against ATS include (1) simple negligence; (2) defamation/false light; (3) attorney's fees and expenses; and (4) punitive damages.

On February 13, 2009, this Court ruled that DAC failed to properly plead their defamation/false light claim such that the claim could be classified as one for "injurious falsehood" or "trade libel." Specifically, this Court ruled that DAC failed to allege special damages, which is required to sustain a claim for "injurious falsehood." [Doc. 179, p. 10].

### III.    ARGUMENT AND CITATION OF AUTHORITY

#### A.    Standard for Judgment as a Matter of Law

Pursuant to Fed. R. Civ. P. 50(a), at the close of the plaintiff's case, a defendant can seek judgment as a matter of law. This motion should be granted if "there is no legally sufficient evidentiary basis for a reasonable jury" to conclude in favor of the nonmoving party. Fed. R. Civ. P. 50(a). The court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 259 (1986).

#### B.    ATS is Entitled to Judgment as a Matter of Law as to Plaintiffs' Claim for Defamation

There are four elements required for a defamation action in Georgia: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting to at lease negligence; and (4) special harm. O.C.G.A. 51-5-11; See also Mathis v. Cannon, 276 Ga. 16, 20-21, 573 S.E.2d 376, 380 (2002). Libel is a method of defamation, wherein a false and malicious defamation of another is expressed in print, writing, or pictures. O.C.G.A § 51-5-1; Ajouelo v. Auto-Soler Co., 61 Ga. App. 216, 221, 6 S.E.2d 415 (1939). If what is printed is true, there is no libel. Savannah News-Press, Inc. v. Harley, 100 Ga. App. 387, 387, 111 S.E.2d 259, 261 (1959).

As an initial matter, Plaintiffs have abandoned their general allegation of defamation and recast it as one for "injurious falsehood." [Doc. 179, p. 10]. As such, Plaintiffs no longer have a claim against ATS for defamation. Moreover, Plaintiffs have failed to meet their burden of proof in order to establish a cause of action for defamation.

### 1. ATS Did Not Make A False Statement Concerning Plaintiffs

Plaintiffs contend that ATS defamed Plaintiffs by reporting inaccurate AA test results. [Doc. 7]. However, the test reports merely conveyed ATS' recorded observations of AA testing performed according to GDOT procedures. [Zhang Testimony]. In order to establish that the recorded observations defamed the Plaintiffs, Plaintiffs must establish that the recorded observations were false and not mere recorded observations. See Harley, 111 S.E.2d at 261. Plaintiffs have offered no evidence to show that ATS' recorded observations were false.

Rather, the record before this Court establishes that the only statements made by ATS relating to either project were AA test reports delivered by ATS to QORE and GDOT. [Zhang Testimony]. In those reports, ATS did not communicate any statement regarding DAC; rather, ATS simply communicated the results of AA testing and explained that the testing had been completed in compliance with GDOT specifications. (Zhang Testimony). These test results <u>did not</u> contain statements that there was something wrong, incorrect, or inaccurate with the asphalt being tested. [Zhang Testimony]. Accordingly, as Plaintiffs have failed to establish that ATS conveyed falsely recorded AA test results, ATS is entitled to judgment as a matter of law as to Plaintiffs' defamation claim.

### 2. Plaintiffs Have Failed to Establish Malice

In order to prevail in a suit for libel, Georgia law requires that the plaintiff show the statement was false and "malicious." In this context "malice" means ill will, and "malicious"

denotes statements deliberately calculated to injure. Georgia courts refer to this as "common-law malice," and distinguish it from actual or "constitutional" malice. Straw v. Chase Revel, Inc., 813 F.2d 356 (11th Cir. 1987).

In the instant case, Plaintiffs have produced absolutely no evidence establishing that ATS reported the AA test results out of "ill will" to Plaintiffs. Rather, the record reveals that Sue Zhang, the chemists with ATS who performed the majority of the AA tests and reported the results to QORE, was not aware of what company manufactured the asphalt being tested. [Zhang Testimony]. Rather, Zhang testified that she did not know if the asphalt was from a real road or from Georgia DOT's lab. It was not until the summer of 2004, more than a year after the testing began, that Zhang became aware that DAC manufactured the subject asphalt. Id. at 42. Clearly, the testing and reporting were not completed with the requisite "ill will," nor were the test results "calculated to injure" if the individual performing and reporting the tests was not aware of DAC. Straw, 813 F.2d 356.

C. **ATS is Entitled to Judgment as a Matter of Law as to Plaintiffs' Claim for False Light**

A claim for false light requires a showing that there has been a widespread dissemination of information that is in some way inaccurate and that is objectionable to the average man. Association Services. v. Smith, 249 Ga. App. 629, 633, 549 S.E.2d 454 (2001). In order to maintain a cause of action for both defamation and false light, a plaintiff must allege a non-defamatory statement. If the statements alleged are defamatory, the claim is one for defamation only, not false light. Time, Inc. v. Hill, 385 U.S. 374, 380-91 (1967).

In the instant case, Plaintiffs alleged that ATS defamed Plaintiffs by "falsely publiciz[ing] and publish[ing] to third parties that DAC improperly formulated the SuperPave mix used in the I-95 Project." [Doc. 46]. Plaintiffs also allege that the same defamatory

statements also placed Plaintiffs in a false light. Id. As Plaintiffs have failed to allege both a defamatory and non-defamatory statement, Plaintiffs false light claim is subsumed in their defamation claim. See Dworkin v. Hustler Magazine, 867 F.2d 1188, 1193 (9th Cir. 1989).

### D. ATS is Entitled to Judgment as a Matter of Law as to Plaintiffs' Claim for Injurious Falsehood

Pursuant to S.D. Ga. R. 16.4, "when entered by or at the direction of the assigned Judge, the pretrial order shall supersede all prior pleadings." In the Pretrial Order, Plaintiffs abandon their general defamation claim, instead asserting a claim for injurious falsehood against ATS. [Doc. 199, p. 9]. As held by this Court, a party cannot recover on an injurious falsehood claim without pleading special damages. [Doc. 179, p. 10]. This Court has already ruled that Plaintiffs have failed to plead special damages, barring any claim for injurious falsehood or trade libel. Id. Accordingly, as Plaintiffs cannot meet their burden of proof in establishing a claim for injurious falsehood, ATS is entitled to judgment as a matter of law as to Plaintiffs' injurious falsehood claim.

### E. ATS is Entitled to Judgment as a Matter of Law as to Plaintiffs' Claim for Simple Negligence

In order to recover in a negligence case, a plaintiff must show four elements: (1) duty, (2) breach, (3) causation, and (4) damages. Brookview Holdings v. Suarez, 285 Ga. App. 90, 91, 645 S.E.2d 559 (2007). No matter how innocent the plaintiff may be, he is not entitled to recover for negligence unless the defendant did something that it should not have done, or failed to do something it should have done pursuant to a duty owned to the plaintiff. Davis v. Blockbuster, Inc., 258 Ga. App. 677, 575 S.E.2d 1 (2002). The mere occurrence of an unfortunate event is not sufficient to authorize an inference of negligence; a plaintiff must come forward with specific facts establishing a breach of a duty, as well as the other elements, and

may not rest upon generalized allegations. Id. As shown below, Plaintiffs cannot establish all of the elements required to establish its negligence claim against ATS.

### 1. ATS Owed No Duty To Plaintiffs Per This Court's Ruling

This Court previously held that because (1) a testing lab is not obligated to perform tests for clients that only show results with 100% accuracy, and (2) a testing lab is not responsible for the manner in which its clients use test results, the lab has no independent duty to Plaintiffs. [Doc. 194, p. 5]. In so holding, this Court noted that because a test has "never been used before by any governmental agency to default a road contractor does not make the private testing company liable to Plaintiffs." Id., citing W. Page Keeton, et al., Prosser and Keeton on Torts ch. 9 (5th Ed. 1984); Restatement (Second) of Torts § 302 cmt. a (1965; Restatement (Third) of Torts Liability Physical Harm § 6 & cmt. f (proposed final draft No. 1 2005). In addition, this Court noted that "it is unclear how it would have made any difference if [the lab] had 'qualified' the test results in reporting the same to GDOT," since GDOT created the tests. [Doc. 194, p. 5].

In this case, it is undisputed that ATS simply performed tests designed by GDOT. [Doc. 141, pp. 4, 5, 6]. Plaintiffs have produced no evidence that ATS made any representation as to the quality or usefulness of the tests. Rather, the record reflects that Dr. Sue Zhang notified GDOT that the AA testing was leading to unreliable results and was instructed by GDOT to continue testing. [Zhang Testimony]. In addition, Plaintiffs have produced no evidence that ATS had an independent duty to DAC to decide or opine about the usefulness of the AA tests. Finally, Plaintiffs have produced no evidence indicating that ATS had any control over how the test results were used. As such, ATS did not have any independent duty to Plaintiffs. Accordingly, ATS is entitled to judgment as a matter of law as to Plaintiffs' negligence claim.

2. **ATS Owed No Duty to Plaintiffs Because Negligent Performance of the Contract Did Not Endanger the Life or Limb of Third Persons and Plaintiffs Did Not Suffer a Physical Injury**

Under Georgia law,

> no privity is necessary to support a tort action; but, <u>if the tort results from the violation of a duty which is itself the consequence of a contract</u>, the right of action is confined to the parties and those in privity to that contract, <u>except in cases where the party would have a right of action for the injury done independently of the contract.</u>

O.C.G.A. § 51-1-11(a).

The Georgia Supreme Court has clarified in which cases a "party [has] a right of action for the injury done independently of the contract" by adopting the majority rule contained in Restatement of Torts (Second) § 324A. See <u>Huggins v. Aetna Cas. and Surety Co.</u>, 245 Ga. 248, 249, 264 S.E.2d 191, 192 (1980). Restatement of Torts (Second) § 324A states:

> Liability to Third Person for Negligent Performance of Undertaking. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or <u>his things</u>, is subject to liability to the third person for <u>physical harm</u> resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

(emphasis added).

In <u>Moody v. Martin</u>, the Georgia Court of Appeals held that independent contractors have a duty not to harm others in the negligent performance of a contract. <u>Moody</u>, 76 Ga. App. 456, 461-62, 46 S.E.2d 197, 200 (1948). In <u>Moody</u>, the plaintiff filed a tort action claiming that he was injured after the defendant negligently repaired a vehicle that the plaintiff was operating for his employer. The trial court dismissed the action on the theory that there was no contract between the plaintiff and the contractor. <u>Id.</u> at 462. The Court of Appeals reversed, holding that the contractor had an original duty to the plaintiff regardless of whether there was any privity of

contract between the plaintiff and the contractor, when the negligent performance of the contract "endangers the lives and limbs of others" or "creates an unreasonable risk of harm." Id; see also Gillis v. Orkin Exterminating, Co., 172 Ga. App. 507, 323 S.E.2d 695 (1984).

Applying Restatement of Torts (Second) § 324A and Moody to the current case, ATS assumed the duty to perform AA testing for GDOT. This testing was not undertaken for the protection of any third person. As such, even if ATS had negligently performed the testing, which ATS did not do, no third person could have been physically injured. Plaintiffs do not allege, nor have Plaintiffs sustained a physical injury. Accordingly, ATS had no duty to Plaintiffs in the performance of the testing.

### 3. ATS Did Not Breach the Applicable Standard of Care

There is no evidence that ATS failed to perform the AA testing in accordance with its contract with QORE. Moreover, Plaintiffs have produced no evidence that ATS negligently performed the AA testing. Accordingly, ATS could not have breached any standard of care and is entitled to judgment as a mater of law as to Plaintiffs' negligence claim.

### F. ATS is Entitled to Judgment as a Matter of Law as to Plaintiffs' Damages Claim

When a party sues for specific damages, he has the burden of showing the amount of the loss, and of showing it in such a way that the jury may calculate the amount from the figures furnished. The jury cannot not be placed in a position where allowance of any sum would be mere guesswork. National Ref. &c. Co. v. Parmalee, 9 Ga. App. 725, 726, 72 S.E. 191 (1911). In sum, Damages cannot be left to speculation and conjecture. Southern Airways, Inc. v. Dross, 162 Ga. App. 572, 291 S.E.2d 93 (1982).

Moreover, under Georgia law, damages that are not the legal or natural consequence of the tortuous act are too remote and contingent to recover. Norris v. Pig'n Whistle Sandwich Shop, 79 Ga. App. 369, 373, 53 S.E.2d 718 (1949). Accordingly, damages recoverable in a tort action must be shown with reasonable certainty. Damages that "are remote, speculative, contingent, or uncertain are not recoverable" MTW Inv. Co. v. Alcovy Prop., Inc., 228 Ga. App. 206, 491 S.E.2d 460 (1997); see also Market Place Shop. Ctr., L.P. v. Basic Bus. Alt., Inc., 227 Ga. App. 419, 489 S.E.2d 162 (1997).

In the instant case, Plaintiffs are claiming the following damages: (1) loss of book value caused by DAC's Default by GDOT and judgments to bonding companies flowing from these defaults; (2) personal losses from Joel Spivey, Kyle Spivey and Mary Jean Spivey relating to loans made to DAC; and, (3) attorney's fees and costs from prior litigation.

### 1. Loss of Book Value Caused by DAC's Default by GDOT and Judgments to DAC's Bonding Companies

Plaintiffs presented the testimony of Carrol Purvis ("Purvis") in order to establish both DAC's loss of book value. During direct examination, Purvis testified that DAC operated as a profitable company until 2005, which Purvis attributed to DAC's default by GDOT. On cross examination, Purvis testified that asphalt is a petroleum based product, the price of which fluctuates with oil prices. However, Purvis testified that he failed to take into account the effect Hurricane Katrina and the resulting oil shortage had on DAC's business, though Purvis admitted that Hurricane Katrina did effect DAC's business. Rather, Purvis testified that it would be "hard" to determine the exact amount, leaving such a determination to the speculation of the jury.

In addition to Purvis, Plaintiffs also presented the testimony of Kyle Spivey, who testified that DAC suffered substantial judgments as a result of defaulted projects throughout South

Georgia. When asked which projects were attributable to ATS' test results, Kyle Spivey testified that he could not determine which defaults were caused by ATS' test results and which defaults were caused by DAC's inability to finish the projects in a timely fashion.

Similarly, Plaintiffs claims as to a Judgment from Fidelity & Deposit (Zurich) are suffer the same flaws as to lack of any evidence to even remotely connect this judgment with any specificity to ATS.

As shown above, damages must be established with certainty. Damages that "are remote, speculative, contingent, or uncertain are not recoverable" MTW Inv. Co. v. Alcovy Prop., Inc., 228 Ga. App. 206, 491 S.E.2d 460 (1997); see also Market Place Shop. Ctr., L.P. v. Basic Bus. Alt., Inc., 227 Ga. App. 419, 489 S.E.2d 162 (1997) (emphasis added). In the instant case, because DAC has failed to establish with any certainty what loss of its "book value" or what part of the judgments entered against it could even arguably be attributed to ATS, ATS is entitled to judgment as a matter of law as to DAC's claim for lost profits.

As to the alleged potential judgment from Lumberman's, there is simply no damages yet to even claim.

Finally as to the claim for 40 million in collateral owed to Arch, this offers the same faults as the other damages, but is also are independently improper for a damages award. This is a contractual obligation to post collateral for unspecified potential losses, again an amount incapable of being awarded as damages against ATS.

2. **Personal Loss by Joel Spivey, Kyle Spivey and Mary Jean Spivey Relating to Loans to DAC.**

Plaintiffs also claim that the individually named Plaintiffs liquidated their personal assets and/or supplied DAC with capital to maintain its operations. As to each of these assertions, Plaintiffs have failed to submit evidence establishing their loss. Moreover, Plaintiffs have failed

to produce competent evidence that these damages are the legal or natural result of the tortious actions allegedly committed by ATS. If the aforementioned claims are submitted to the jury, the jury will be left with nothing but speculation to determine the amount of Plaintiffs' alleged damages.

Further, Mary Jean Spivey is not even a party to this litigation and, as such, can not be awarded damages.

### 3. Attorney's Fees Relating to Prior Litigation

Under Georgia law, recovery of attorney's fees is not applicable to a case where the attorney's fees asked for do not arise out of the present suit, but rather were part of another legal proceeding. A.C.L.R. Co. v. Nellwood Lumber Co., 21 Ga. App. 209, 216, S.E. 86 (1917); Randolph v. Merchants & Mechanics Banking & Loan Co., 58 Ga. App. 566, 572, 199 S.E. 549, 554 (1938); Talmadge v. McDonald, 44 Ga. App. 728, 735, 162 S.E. 856 (1932).

In the instant case, Plaintiffs are seeking attorney's fees and costs incurred by Plaintiffs in Douglas Asphalt Co. v. State of Georgia, Department of Transportation, Civil Action File No. 2005-CV-0137, Superior Court of Turner County, State of Georgia, or Douglas Asphalt Co. v. State of Georgia, Department of Transportation, Civil Action No.: 2004-CV-88139, Superior Court of Fulton County, State of Georgia. Because these fees and costs arise out of other legal proceedings, Plaintiffs are not entitled to recover those fees and costs in this action. A.C.L.R. Co. v. Nellwood Lumber Co., 21 Ga. App. 209, 216, S.E. 86 (1917); Randolph v. Merchants & Mechanics Banking & Loan Co., 58 Ga. App. 566, 572, 199 S.E. 549, 554 (1938); Talmadge v. McDonald, 44 Ga. App. 728, 735, 162 S.E. 856 (1932).

### G. ATS is Entitled to Judgment as a Matter of Law on Plaintiffs' Claim for Emotional Distress

Pursuant to S.D. Ga. R. 16.4, "when entered by or at the direction of the assigned Judge, the pretrial order shall supersede all prior pleadings." In the Pretrial Order, Plaintiffs do not assert a claim for emotional distress. [See Doc. 199, p. 9]. However, during the presentation of Plaintiffs' case, Plaintiffs presented a claim for emotional distress. Per this Court's local rule, because Plaintiffs did not include a claim for emotional distress in the Pretrial Order, ATS is entitled to judgment as a matter of law as to the claim Plaintiffs are attempting to assert at trial.

### H. ATS is Entitled to Judgment as a Matter of Law on Plaintiffs' Claims for Punitive Damages and Attorney's Fees

Counts VII and VIII of Plaintiffs' Second Amended Complaint seek recovery of punitive damages and attorneys fees. Plaintiffs are not entitled to recovery of punitive damages because they are not entitled to relief on any of their underlying claims. See Byrne v. Nezhat, 261 F.3d 1075, 1093 (11th Cir. 2001).

Plaintiffs' claims for attorney's fees are based on O.C.G.A. § 13-6-11. O.C.G.A. § 13-6-11 "does not create an independent cause of action but merely permits in certain limited circumstances the recovery of the expenses of litigation incurred as an additional element of damages." Lamb v. Salvage Disposal Co. of Ga., 244 Ga. App. 193, 535 S.E.2d 258 (2000). A claim for attorney's fees under this section "cannot be sustained on claims which are no longer pending." Nissan Motor Acceptance Corp., v. Stovall Nissan, Inc., 224 Ga. App. 295, 301, 480 S.E.2d 322, 327 (19997). Thus, Plaintiffs are not entitled to recovery of attorney's fees pursuant to O.C.G.A. § 13-6-11.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

/s/ Eric R. Mull
Eric R. Mull
Georgia Bar No. 556860


/s/ Paul W. Burke
Paul W. Burke
Georgia Bar No. 095642
Attorney for Applied Technical Services, Inc.

880 W. Peachtree Street
P.O. Box 7600
Atlanta, GA  30357-0600
pburke@deflaw.com
emull@deflaw.com
Tel. (404) 885-1400
Fax (404) 876-0992

/s/ B. Kaye Katz-Flexer
B. Kaye Katz-Flexer
Georgia Bar No. 408725

777 Gloucester St., Suite 400
Brunswick, GA 31520
Tel. (912) 280-9662
Fax (912) 267-0654
bflexer@deflaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DOUGLAS ASPHALT COMPANY, <br> JOEL H. SPIVEY and KYLE SPIVEY, <br><br> Plaintiffs, <br><br> v. <br><br> APPLIED TECHNICAL SERVICES, INC., <br><br> Defendant. | Civil Action No. 2:06-CV-229-AAA |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed electronically the foregoing **APPLIED TECHNICAL SERVICES, INC.'S MOTION AND BRIEF IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW** using the CM/ECF system, which will automatically send e-mail notification to all parties in this case and by Hand Delivery of this Motion.

This 30th day of September, 2009.

DREW ECKL & FARNHAM, LLP

/s/ Paul W. Burke
Paul W. Burke

880 W. Peachtree Street
Atlanta, GA 30357-0600

2470204/1
0652-74521

- 15 -